BLACK v. HOWELL ET AL.

NORMAN v. HOWELL ET AL.

1. **Trespass**: WRONGFUL SEIZURE OF PROPERTY: REMEDY. Where property is wrongfully seized and sold under a chattel mortgage the owner is not confined to his remedy by contesting the foreclosure of the mortgage, but may maintain at once an action at law to recover the property or its value.

*Appeal from Jasper Circuit Court.*

WEDNESDAY, OCTOBER 19.

THESE actions are for the recovery of the value of a mule and a cow alleged to have been wrongfully detained from the plaintiffs by the defendants. There was a trial to the court and a judgment for the defendants. The plaintiffs appeal.

*John C. Meredith* and *Smith & Wilson*, for appellants.

*J. B. Naylor* and *H. S. Winslow*, for appellees.

ROTHROCK, J.—I. The appellees urge that there can be no hearing upon the merits of the appeal because the evidence has not been preserved by a bill of exceptions. It appears from the abstract, however, that no evidence was offered, but the case was heard upon a written agreement of facts, signed by the parties. A complete transcript, which has been filed by some one, shows that this agreement of facts was duly filed. It was thus made of record without being incorporated in a bill of exceptions.

II. The facts agreed upon are in substance as follows: One Crews made a chattel mortgage of the property in controversy, to one Kenworthy. Kenworthy sold and transferred the mortgage to one Love. While Love was the owner of the mortgage, and also the holder of the debt it was given to secure, he verbally released

1. TRESPASS: wrongful seizure of property: remedy.

the mule and cow to the plaintiffs, having received a consideration therefor. At the time of the release the plaintiffs took possession of the property and held the same. After the release of the property, Love sold and transferred the mortgage and debt it was given to secure to the defendant Roberts, who took the same with notice of release to plaintiffs. Roberts placed the mortgage in the hands of Howell, a constable, for the purpose of foreclosure. Howell took the mule and cow from the plaintiffs, and served a notice upon them of his proceedings, and sold the property in satisfaction of the mortgage. The plaintiffs commenced their suits before the sale was made under the mortgage foreclosure proceedings, and claimed to recover under their purchase and verbal release, which was made to them before the debt became due. It is admitted the plaintiffs are entitled to recover unless the proceedings in foreclosure are a defense to the case as made by plaintiffs. It appears to us that there ought to be no question as to the plaintiffs' right to recover under these facts. When Love received his consideration for the property and released it from the lien, and the plaintiffs took possession of it, Love had no further claim upon it. Any interference of the plaintiffs' ownership and possession of the property by Love or by any officer under his direction would have been a trespass, for the very good reason that he had no lien upon nor interest therein. The defendant Roberts, having notice of the release, stood in Love's shoes and had no right which Love did not have.

It appears that the mortgage was sought to be foreclosed under chapter 4, title 20, of the Code, by notice and sale. The court below appears to have been of opinion that Sec. 3317 provides an exclusive remedy for parties desiring to contest a foreclosure. It is as follows: "The right of the mortgagee to foreclose, as well as the amount claimed to be due, may be contested by any one interested in so doing, and the proceeding may be transferred to the Circuit or District Court, for which purpose an injunction may issue if necessary." It cer-

tainly never was contemplated that where a person's property is seized without a shadow of right, upon the pretense that it was once mortgaged, the owner must go into a court of equity and restrain a foreclosure by injunction. We think he is not required to invoke any such dilatory proceeding; but that he may at once institute an action at law for the recovery of his property.

It was agreed that if 'the plaintiffs were entitled to recover there should be a judgment for the mule for $52.50 and costs, and in case of the cow a judgment for costs only. The cause will be reversed and remanded for a judgment for plaintiffs in accord with said stipulation.

REVERSED.