T. J. UNDERWOOD, Appellee, v. LOMBARD INVESTMENT COMPANY, Appellant.

Appeal: EQUITY CAUSE: RECORD: AGREED STATEMENT OF FACTS: EVIDENCE. An equity cause is not triable *de novo* in the supreme court upon an agreed statement of facts which has not been made a part of the record in the district court.

*Appeal from Page District Court.*—HON. N. W. MACY, Judge.

TUESDAY, OCTOBER 27, 1891,

ACTION in chancery to set aside a sheriff's sale of a town lot occupied by plaintiff as a homestead, and to declare the plaintiff's homestead right superior to the defendant's title under the sheriff's sale. Upon a trial on the merits there was a decree granting the relief prayed for in the plaintiff's petition. The defendant appeals.—*Affirmed.*

*T. F. Willis*, for appellant.

*T. R. Stockton*, for appellee.

BECK, C. J.—The abstract does not set out the evidence upon which the case was tried, and does not purport to do so; but it contains a statement of facts which was made by the defendant's counsel, in connection with his written argument upon the trial in the court below, the cause having been submitted on trial in vacation on written arguments. It also presents an agreement between the parties entered into prior to the trial in the court below, which is in these words: "There being no material disagreement between counsel for the plaintiff and counsel for the defendant as to the facts established in this case, and that we may relieve the court from an examination of the evidence, it is hereby agreed, for the purposes of this submission, that said facts are as stated by the defendant's counsel and submitted in connection with his argument and brief submitted herewith, subject only to the following modification which is added thereto, towit: 'From the purchase of lot twenty (20), block ten (10), by plaintiff's wife until her death they occupied the building on said lot as their home, and since her death plaintiff has not abandoned any right of homestead which he then had, if any, in said lot. March 20, 1890.'" The plaintiff filed an amended abstract, alleging and showing that the agreed statement of facts was not a part of the record in the case, and supports it by

reference to a certificate of the clerk verifying his amended abstract in this regard. This amendment is denied by the other side, but is supported by the transcript in the case. The agreed statement of facts is not certified by the judge trying the cause, or otherwise identified and made a part of the record. Not being a part of the record in this court, it cannot be considered in the decision of the case.

II. The abstract contains no part of the evidence, but presents the case wholly upon the agreed statement of facts, which, as we have just shown, is not found in the record. The case, in view of these conclusions, stands in the court as a chancery cause, triable *de novo* without any evidence which can be considered here. There are, therefore, no questions of fact or law presented for our decision. A motion to dismiss the appeal need not be considered. The judgment of the district court must be AFFIRMED.