CO-OPERATIVE BANK OF IOWA, Appellee, v. ROSA B. MELDRUM ET AL., Appellants.

**Appeal:** CERTIFICATION AND PRESERVATION OF EVIDENCE. Unless the
1 evidence in an equitatble action is certified and preserved as provided in Code section 3652, it will be subject to a motion to strike on appeal, even though the action was tried on an agreed statement of facts.

**Building and loan contract:** USURY: LEGALIZATION. Although a
2 building and loan contract was usurious, since it antedated the Act of the Tweny-seventh General Assembly on that subject, it was legalized thereby.

*Appeal from Polk District Court.*— HON. A. H. MCVEY, Judge.

WEDNESDAY, OCTOBER 25, 1905.

ACTION in equity to recover judgment upon a promissory note and to foreclose a mortgage given to secure the same. There was a decree in favor of plaintiff, and the defendants appeal.— *Affirmed.*

*Mayne & Hazlelon,* for appellants.

*E. D. Samson,* for appellee.

BISHOP, J.— I.   The appellee has filed an amendment to appellant's abstract in which it is denied that the evidence in the case or any thereof is properly before the court.   In

1. APPEAL: certification and preservation of evidence.

such amendment it is declared that the evidence as taken and had upon the trial was not certified and preserved as required by the provisions of Code, section 3652.   And appellants have failed to sustain their abstract by a certification of the record.   In this state of the record, appellee has filed a motion to strike the alleged evidence as the same appears in the abstract of appellants, and such motion was submitted with the case. We think the motion must be sustained.   Unless the evidence is preserved as required by the statute, it cannot be considered.   *Hartnett v. Sioux City,* 66 Iowa, 254; *Preston v. Hale,* 65 Iowa, 409.

Counsel for appellants insist that as the abstract filed by them makes it appear that the case was submitted to the trial court upon an agreed statement of facts, reduced to writing, there was a substantial compliance with section 3652 of the Code; that there was then no occasion for the certificate of the trial judge.   One trouble with this contention is that the abstract of appellant makes it appear that in addition to the agreed statement, the depositions of witnesses were taken and used upon the trial.   The materiality of the evidence so taken is not material to the question we have to consider.   Moreover, the agreed statement of facts submitted to the court amounted to no more than a matter of evidence, and as the same was not certified and preserved as required by law, and especially as the same does not appear to have been filed, we have no means of identifying the evidence or of determining whether all thereof is properly before us.   The case of *Black v. Howell,* 56 Iowa, 630, is not an authority to the contrary.   That was a law action, and the holding was that an agreed statement of facts signed by the parties and filed in the case obviated the necessity

for a bill of exceptions. Our conclusion finds direct support in *Underwood v. Lombard Inv. Co.*, 84 Iowa, 25.

II. The appellants took exception to the decree, and it is now insisted that upon the face of the pleadings it conclusively appears that the contract sued upon was tainted

2. BUILDING AND LOAN CONTRACT: usury: legalization. with usury, and that purged of the usurious interest the payments admitted to have been made were more than sufficient to satisfy the indebtedness. In respect of this, it is sufficient to say that the allegation is that plaintiff is a building and loan association, and that the contract was a building and loan contract. Should we concede that upon its face, and as of the time when made, it appeared to be usurious, still it is to be said that the same antedated and became legalized by force of the passage of chapter 48, page 32, Acts Twenty-seventh General Assembly.

Counsel for appellants also urge that there was an error in computation of the amount due as made by the court. We conclude otherwise. Taking the amount of the loan as evidenced by the note given, and accepting of the payments made and dividends credited as stated in the petition, and computing according to our rule as laid down in *Iowa Deposit. & Loan Co. v. Matthews*, 126 Iowa, 743, the balance found due does not exceed the amount carried into the decree.— *Affirmed.*