STATE of Iowa, Appellee,

v.

Jerry Lee GARRETT, Appellant.

No. 93–523.

Supreme Court of Iowa.

May 25, 1994.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., and James L. Beres, County Atty., for appellee.

Considered by HARRIS, P.J., and LAVORATO, NEUMAN, ANDREASEN, and TERNUS, JJ.

LAVORATO, Justice.

A jury convicted Jerry Lee Garrett of several offenses. He appeals, raising two issues. First, he claims the district court abused its discretion in precluding him from presenting his alibi defense. Second, he claims the district court erred when it entered judgment of conviction and sentence for criminal trespass after the jury found him guilty of criminal mischief. We affirm except as to the sentence for criminal trespass. We vacate the sentence on the trespass offense and remand with directions.

Several businesses in Union were burglarized during the early morning hours of August 24, 1992. Items taken from the businesses included foodstuffs, cigarettes, and between $192.25 and $197.25 in petty cash.

Pursuant to a search warrant, sheriff's deputies searched Garrett's car which was parked in front of a friend's house in Union. They found merchandise consistent with the items and cash taken from the affected businesses. They also found (1) missing keys to the pop machine of one of the businesses, (2) a pry bar, (3) two flashlights, and (4) a film canister containing a small amount of marijuana.

The State filed a seven-count trial information against Garrett. Following an aborted plea agreement, the case was tried to a jury. The jury found Garrett guilty of (1) three counts of burglary in the third degree, (2) "criminal mischief," (3) possession of burglary tools, and (4) possession of marijuana.

I. *Alibi Defense.*

■ Iowa Rules of Criminal Procedure 10(11)(a) and (d) govern the presentation of an alibi defense. Rule 10(11)(a) pertinently provides that

[a] defendant who intends to offer evidence of an alibi defense shall, within the time provided for the making of pretrial motions or at such later time as the court shall direct, file written notice of such intention.... Such notice shall be filed within ten days after filing of defendant's wit-

ness list, or within such other time as the court may direct.

Garrett failed to file a written notice within the ten-day time period prescribed by the rule. In such cases, the district court may, in its discretion, resort to options available under Rule 10(11)(d):

> If either party fails to abide by the time periods heretofore described, such party may not offer evidence on the issue of alibi ... without leave of court for good cause shown. In granting leave, the court may impose terms and conditions including a delay or continuance of trial.

Garrett tried to introduce evidence through the Hardin County clerk that he had received a traffic ticket on the night of the burglaries. Out of the presence of the jury, the clerk testified that the traffic ticket had been issued to Garrett at 11:20 p.m. Witnesses for the State had testified to seeing Garrett's car in the area of the burglaries at 7:00 p.m. and 11:45 p.m. The district court sustained the prosecutor's objection to the clerk's testimony on the grounds that Garrett was attempting to establish an alibi though he had not given notice of his intention to do so.

Garrett argued to the district court, as he argues here, that good cause existed for his failure to file the notice. Counsel explained that he did not know of the alibi defense until two days before trial when Garrett told him about it. There was no reason to have even explored the possibility—he argued—because the case was not expected to go to trial as Garrett had pleaded guilty.

Garrett argues here that because this explanation constituted good cause, the district court abused its discretion in excluding the alibi defense testimony. *See State v. Christensen,* 323 N.W.2d 219, 222–23 (Iowa 1982) (whether to allow alibi testimony based on good cause under Rule 10(11)(d) is discretionary with the district court). Like the district court, we are not convinced the explanation constituted good cause for failing to file the Rule 10(11)(a) notice. As the district court noted, Garrett knew about the ticket long before he told his lawyer about it. We rejected a similar explanation given as a ground for good cause under Rule 10(11)(d) in *Christensen,* 323 N.W.2d at 223–24:

> [W]e find defendant's reason for failure to give notice inadequate. Although defense counsel claimed to have known of the witness for only two days, defendant knew or should have known of the witness from the time he was charged.

The district court was well within its discretion when it refused to allow admission of Garrett's alibi defense evidence.

II. *Conflict Between Instructions and Verdict.*

Garrett was charged with burglary in the third degree. The district court properly instructed the jury as to the elements of this offense. The court also instructed the jury on two lesser included offenses, attempted third-degree burglary and criminal trespass. The court properly submitted the elements of each of these offenses to the jury.

However, the verdict form for criminal *trespass* was mistakenly labeled criminal *mischief.* The jury returned a verdict against Garrett on this form. Later the court entered judgment of conviction and sentence for criminal trespass.

Garrett thinks that the judgment of conviction and sentence for criminal trespass is improper because the jury found him guilty of criminal mischief. He candidly admits he made no objection to the instructions and verdict forms. Nor did he object to the verdict after it was returned. No one noticed the discrepancy between the instructions and the verdict form mistakenly labeled criminal mischief until the case reached this court.

■ Garrett tries to circumvent the error preservation issue by resorting to an illegal sentence argument. He says he was convicted of a crime—criminal mischief—with which he was not charged and which is not a lesser included offense of any crime with which he was charged. Thus, he says, the sentence for criminal trespass—a crime the jury did not convict him of—was illegal and must be vacated. If the sentence is illegal, Garrett is correct that the issue can be raised at any time. *State v. Austin,* 503 N.W.2d 604, 607

(Iowa 1993) (error preservation not available to State when the appeal is from an illegal or void sentence).

■ We think the answer to this problem lies in the language of Iowa Rule of Criminal Procedure 21(6). The rule pertinently provides:

If the jury renders a verdict which is in none of the forms specified in this rule, or a verdict of guilty in which it appears to the court that the jury was mistaken as to the law, the court may direct the jury to reconsider it, and *it shall not be recorded until it is rendered in some form from which the intent of jury can be clearly understood....*

(Emphasis added.) For reasons that follow, we think the verdict in question was already in a form from which the intent of the jury could be clearly understood.

The instruction on criminal trespass was submitted to the jury this way:

Instruction No. 28

Count IV

The State must prove all of the following elements of Criminal Trespass:

1. On or about the 23rd or 24th day of August, 1992, the defendant entered into the property of another.

2. The defendant did not have the express permission of the occupants to do so.

3. When the defendant entered, he had the specific intent to commit a theft.

If the State has proved all of the elements, the defendant is guilty of criminal trespass. If the State has failed to prove any one of the elements, then the defendant is not guilty of Count IV. [In other instructions involving Count IV—burglary in the third degree—the jury is told to consider criminal trespass only if Garrett is not guilty of burglary in the third degree and attempted burglary in the third degree.]

In instruction No. 44, the court pertinently instructed the jury:

I am submitting for your convenience with these instructions ... four forms of verdict in Count IV.... You will use but one of them in each count.

. . . .

Count IV

If you find the defendant guilty of the crime of Burglary in the Third Degree, you will use form of verdict No. 13; or

If you find the defendant guilty of the crime of Attempted Burglary in the Third Degree, you will use form of verdict No. 14; or

If you find the defendant guilty of the crime of Criminal Trespass, you will use form of verdict No. 15; or

If you do not find the defendant guilty of the crime of Burglary in the Third Degree, Attempted Burglary in the Third Degree, or Criminal Trespass, you will use form of verdict No. 16.

The Count IV forms of verdict submitted to the jury read this way:

Forms of Verdict—Count IV

*Form of Verdict No. 13*

We, the jury, find the defendant Jerry Lee Garrett guilty of Burglary in the Third Degree.

―――――
Foreperson

*Form of Verdict No. 14*

We, the jury, find the defendant Jerry Lee Garrett guilty of Attempted Burglary in the Third Degree.

―――――
Foreperson

*Form of Verdict No. 15*

We, the jury, find the defendant Jerry Lee Garrett guilty of Criminal Mischief.

―――――
Foreperson

*Form of Verdict No. 16*

We, the jury, find the defendant Jerry Lee Garrett not guilty of Count IV.

―――――
Foreperson

Form of Verdict No. 15 was returned signed "Ronald F. Frey, Foreperson."

The foregoing instructions and verdict forms make two things readily apparent.

First, there was a clerical error in verdict form No. 15 relative to Count IV. It should have read criminal trespass rather than criminal mischief.

Second, the jury unquestionably intended to find Garrett guilty of criminal trespass although the verdict form mistakenly termed the offense criminal mischief. Logically, this is true because there was no finding that Garrett was guilty of burglary in the third degree or attempted burglary in the third degree. All that was left as far as the instructions on Count IV were concerned was criminal trespass.

We think the district court had the authority to ignore the clerical error—misnomer in the verdict form—and accept the verdict as a finding by the jury that Garrett was guilty of criminal trespass. We say this because the jury's intention to find him guilty of this offense is clearly apparent from the instructions and verdict forms we have cited. Technically, the district court should have amended the verdict form to reflect this finding. For this reason, we vacate the sentence on the criminal trespass and remand to allow the district court to amend the verdict form and resentence on the criminal trespass. In similar circumstances, this court has said:

> Because of the circumstances indicating that the jury unquestionably intended to find for defendants on Count I, trial court itself probably would have been justified in amending the verdict to find for defendants on count I without first recommitting the question to the jury [under Iowa Rule of Civil Procedure 204]. *Reformation by the court is appropriate when the certain intention of the jury is evident* from affidavits of the jurors, from answers to questions propounded to the jurors, or *from facts and circumstances surrounding the erroneous or incomplete verdict.*

*Rutledge v. Johnson,* 282 N.W.2d 111, 115–16 (Iowa 1979) (emphasis added) (citations omitted); *cf.* Iowa R.Civ.P. 204 ("General verdicts, special verdicts, and answers to interrogatories shall be in writing.... They shall be sufficient in form if they express the intent of the jury...."). *But see State v. Belt,* 505 N.W.2d 182, 184–85 (Iowa 1993) (under Iowa Rule of Criminal Procedure 21(6) district court did not have authority to modify verdict where verdict reflected jury's intention to convict defendant of greater offense barred by double jeopardy; proper remedy was to grant new trial on lesser included offense rather than to enter judgment of conviction on lesser included offense as urged by the State).

III. *Disposition.*

The district court did not abuse its discretion when it rejected Garrett's untimely offer of evidence on his alibi defense as being outside the good cause exception in Rule 10(11)(d). The jury instructions and verdict forms cited in this opinion make it clear the jury intended to find Garrett guilty of criminal trespass. The proper remedy to correct the clerical error in the verdict form is to vacate the sentence on criminal trespass and remand to allow the district court to amend the verdict form to reflect this intention. The district court should then resentence Garrett on the amended criminal trespass verdict.

We therefore affirm the judgments and convictions except as to the offense of criminal trespass.

**AFFIRMED EXCEPT AS TO THE OFFENSE OF CRIMINAL TRESPASS; SENTENCE ON CRIMINAL TRESPASS VACATED; REMANDED WITH DIRECTIONS.**