**STATE of Iowa, Plaintiff–Appellee,**

v.

**James Albert SCHLUTER, Defendant–Appellant.**

No. 95–572.

Court of Appeals of Iowa.

March 27, 1996.

---

Linda Del Gallo, State Appellate Defender, and John F. Fatino and Sharon R. Stevens, Assistant State Appellate Defenders, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Boesen and Angela M. Smith, Assistant Attorneys General, for appellee.

Heard by SACKETT, P.J., and CADY and STREIT, JJ.

PER CURIAM.

Defendant-appellant James Albert Schluter appeals his conviction of burglary in the third degree, as an habitual offender, in violation of Iowa Code sections 713.1, 713.6A, 902.8, and 902.9(2) (1993) following a jury trial. Defendant contends the trial court abused its discretion in failing to grant him a continuance and/or allowing him to call additional witnesses. He also alleges he had ineffective assistance of counsel because she failed to notify the State of his potential witnesses within the required time. We reverse and remand for new trial.

Defendant was charged with taking copper wire from a power company in Wilton, Iowa. The county deputy sheriff was alerted when a silent alarm was tripped and he went to the scene. The deputy saw someone and called for back-up officers. He and the back-up officers saw a man leaving the plant carrying a spool of copper wire. The man was described as being between five feet eight inches tall and six feet tall with dark blonde or sandy brown hair wearing blue jeans, a blue jacket, and a lighter-colored shirt. The man dropped the wire and ran on seeing the law enforcement personnel.

Wire cutters were found in the plant near the spool that had been moved. The wire cutters had yellow handles and black hand-grips with blue tape and bore the number 6411. Officers identified the wire cutters as having been in defendant's car trunk earlier. An unattended vehicle belonging to defendant was parked about one-quarter mile from the plant.

The afternoon following the break-in, defendant contacted the Wilton police department asking where his car was. Defendant said he left it near the plant because it had overheated while he tried to drive to Davenport from Iowa City. Defendant consented to a search of his car, including the trunk, and the wire cutters there two days earlier were gone. When asked about them, defendant said he had thrown them in the river.

Defendant was charged by trial information on December 22, 1994. The trial was scheduled in December 1994 to begin February 27, 1995. On February 3, 1995, the date of the pretrial conference, defendant filed a motion for continuance for further investigation. Defendant also withdrew his speedy trial demand. Several other motions, including a motion for a court-appointed investigator, were filed two days prior.

The district court granted defendant's motion for appointment of a court-appointed investigator but denied the motion for continuance. The court asked and defense counsel agreed to expedite the investigation.

On February 23, four days prior to trial, defendant provided the State with a list of potential defense witnesses. The following day, the State filed a motion to exclude the potential witnesses due to the untimeliness of the notice. Following a hearing, the district court granted the motion to exclude. The court also denied defendant's renewed motion for continuance during trial. Defendant was tried and convicted.

The court entered judgment on the jury's verdict finding defendant guilty of third-degree burglary as an habitual offender. The court sentenced him to up to fifteen years.

Defendant first contends the trial court abused its discretion when it refused to grant a continuance and sustained the State's motion to exclude his potential witnesses. Defendant advances, rather than exclude his

witnesses, the trial court should have granted his motion for a continuance or provided other relief.

We look to Iowa Rule of Criminal Procedure 12(4), which provides:

[i]f the defendant has taken depositions under subsection 1 of this rule and does not disclose to the prosecuting attorney all of the defense witnesses (except the defendant and surrebuttal witnesses) at least nine days before trial, the court may order the defendant to permit the discovery of such witnesses, grant a continuance, or enter such other order as it deems just under the circumstances. *It may, if it finds that no less severe remedy is adequate to protect the state from undue prejudice, order the exclusion of the testimony of any such witnesses.*

(Emphasis supplied.)

■ In the trial court, the State did not claim it would be prejudiced by a continuance, only that the witnesses could not be interviewed before the trial time set. The trial court sustained the State's motion without finding there was no less severe adequate remedy to protect the State from undue prejudice. The trial court is not required to make specific findings that a sanction short of exclusion would not protect the State from undue prejudice, *State v. Babers*, 514 N.W.2d 79, 82 (Iowa 1994), although it is good practice for the trial court to do so. *Id.*

We review for an abuse of discretion. *State v. Garrett*, 516 N.W.2d 892, 894 (Iowa 1994); *State v. Ware*, 338 N.W.2d 707, 714 (Iowa 1983).

■ Defendant did not depose the State's witnesses until after the pretrial conference. Defendant's attorney contended the depositions showed the need for the additional witnesses. Defendant's trial attorney filed an affidavit outlining preparation, investigation, and her workload as a sole practitioner. We find the affidavit shows defendant's trial attorney was attentive to the preparation of the defense of this case.

The record reflects some miscommunication between the county attorney's office and defendant's attorney. The trial date was set for about sixty-eight days after the trial information was filed.

The State argues defendant showed no compelling or good cause existed for the continuance and denial of the continuance resulted in defendant's failure to notify the State of potential defense witnesses.

The potential witness list was filed four days before trial. The State resisted the list in total claiming some listed witnesses were unknown or had no address. The State contended there was no way it could interview/depose all the witnesses before trial. We find the State has not shown they could not interview all witnesses before trial. Defendant listed some witnesses by name, location, and phone number. Defendant listed six witnesses he contended were named in the minutes of testimony, depositions, police reports, or were interviewed by agents of the State. The trial court abused its discretion in excluding all witnesses listed by defendant and refusing to grant the requested continuance. The trial court in this case excluded the defense witnesses from trial simply because they were not timely disclosed. The trial court did not consider any other factors. Had it done so, it would have permitted defendant to call those witnesses which the State could have reasonably contacted prior to trial. They were material witnesses, three days remained prior to trial, and many of the witnesses were known to the State and could have been contacted. Moreover, the inability to call these witnesses essentially rendered defendant defenseless and caused him prejudice.

**REVERSED AND REMANDED FOR NEW TRIAL.**

SACKETT, P.J., and CADY, J., concur.

STREIT, J., specially concurs.

STREIT, Judge (specially concurring).

Although I concur with the result of the majority's opinion, I would reverse because of trial counsel's ineffective assistance for her failure to timely file notice of defense witnesses. The trial attorney failed to adequately explain the reason for violating the disclosure requirement of Iowa Rule of Criminal Procedure 12(4). Trial counsel's re-

peated acknowledgment of being ineffective for this failure, although viewed with some skepticism, is accurate. The defendant's right to a fair trial was jeopardized by his counsel's improperly violating the disclosure rule. I would reverse for this reason alone.

I would not find the trial court abused its discretion in disallowing the witnesses to be called or in denying a trial continuance. The trial court could have devised a less severe remedy for the tardy filing of the witness list. It is within the trial court's judicial discretion to limit the calling of the witnesses not properly disclosed in violation of Iowa Rule of Criminal Procedure 12(4). This dis-cretionary decision-making process need not be articulated on the record. *State v. Babers*, 514 N.W.2d 79, 82 (Iowa 1994). The court herein obviously weighed the factors such as delay, the defendant's need for such witnesses, and the inadequate reasons for violating the disclosure rule. The court did not abuse its discretion.