**IN THE COURT OF APPEALS OF IOWA**

No. 13-1906
Filed March 11, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSHUA SCOTT PEARSON,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Marion County, Martha L. Mertz, Judge.


        Joshua Pearson appeals his sentence for sexual abuse in the third degree. **AFFIRMED.**


        William L. Bushell of Bushell Law Firm, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, and Edward W. Bull, Marion County Attorney, for appellee.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, J.**

Joshua Pearson appeals from the district court's resentencing of his conviction for two counts of sexual abuse in the third degree. Iowa Code § 709.4(2)(c)(4) (2011). Pearson claims the district court acted outside the scope of an appellate decision directing it to amend Pearson's judgment, and therefore acted illegally. We find the district court properly resentenced Pearson and affirm by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(c).

We initially dealt with this case in 2013, and we incorporate the background facts from that case:

> On April 17, 2012, Pearson pleaded guilty to two counts of sexual abuse in the third degree, in violation of Iowa Code section 709.4(2)(c)(4). He was charged with committing a sex act with a fifteen-year-old female and there was a written stipulation confirming the female's birth date and Pearson's birth date.
> Pearson appeared for sentencing on June 8, 2012. The sentencing court recognized the victim was a fifteen-year-old girl. In a judgment and sentence order filed on June 8, 2012, the court entered judgment against Pearson for two counts of violating Iowa Code section 709.4(2)(b), which section criminalizes a sex act with a twelve or thirteen year old. Iowa Code section 709.4(2)(c)(4) is not a forcible felony. *See* Iowa Code § 702.11(2)(c). Iowa Code section 709.4(2)(b) is a forcible felony. Pearson appealed on June 13, 2012.

*State v. Pearson*, No. 13-1311, 2013 WL 5291941 (Iowa Ct. App. Sept. 18, 2013). After determining the case should be remanded, we discussed whether the district court should be ordered to correct a mistake at law or enter an order nunc pro tunc to correct a clerical error. *Id.* at *1. We concluded the case should be vacated, and we remanded to the district court to "allow the district court to amend the judgment." *Id.* at *3. On remand, the district court understood our opinion to mean it should resentence Pearson.

In our previous opinion, we relied on *State v. Garrett*, where the defendant was charged with criminal trespass and the elements of trespass were properly submitted to the jury, but the verdict form was labeled criminal mischief. 516 N.W. 2d 892, 894 (Iowa 1994). The Iowa Supreme Court vacated and remanded for resentencing due to the mistakenly labeled verdict form. *Id.*

We find the district court properly resentenced Pearson and affirm.

**AFFIRMED.**