MANSFIELD, Justice
(dissenting).
I respectfully dissent. In my view, the district court correctly followed the court of appeals’ mandate from the prior appeal. In any event, Pearson waived any objection to resentencing by voluntarily participating in the resentencing proceeding and seeking to benefit from it.
The defendant in this case, Joshua Pearson, repeatedly coerced a fifteen-year-old girl who was less than half his age into having sex with him. Pursuant to a plea agreement, Pearson pled. guilty to two counts of third-degree sexual abuse. There was no agreement on sentence. Pearson argued for a suspended sentence and probation. The State asked for , corn secutive sentences. The district court sentenced Pearson to prison but made the.two sentences concurrent. Yet at the conclusion of the hearing, the court observed, “I will say it’s a very difficult question as to whether these should be consecutive or should be concurrent.”
The June 8, 2012 judgment and sentencing order contained an error. It cited Iowa Code section 709.4(2)(6) rather than section 709.4(2)(c )(4) as the provision under which Pearson had been convicted. This error may have occurred because at the outset of the sentencing hearing, the county attorney cited to section 709.4(2)(⅛) rather than section 709.4(2)(c )(4). This was the only reference to a code section at the sentencing hearing. However, the trial information had cited to the correct code provision.
Pearson appealed. Meanwhile, he submitted two motions for reconsideration of his sentence accompanied by personal letters. The letters pointed out the incorrect code citation but also asked for probation. Thus, his September 20 letter said, “I am filing a motion to reconsider my sentence of two concurrent ten year sentences to probation time instead.”' His January 22, 2013 letter again noted the incorrect cod¿ provision while setting forth “reasons that I am arguing for probation.” Both motions were denied by the original sentencing judge.
When the case reached the court of appeals, the parties agreed the mistake in the judgment and sentencing order necessitated a remand. The State, however, argued that because the error was merely clerical, it was necessary only to remand for a nunc pro tunc order correcting the statutory citation. ‘ Pearson argued the case should be remanded for a correction of a mistake of law in the judgment. Neither side specifically asked for the existing judgment and sentence tó be vacated.
In a September 18, 2013 decision, the court of appeals found nunc pro tunc relief was unavailable because the oral pronouncement of sentence had also contained *209 a reference to the wrong code section. Therefore, it “vacate[d] the judgment and sentence on Iowa Code section 709.4(2)(5) and remand[ed] to the district court to allow the district court to amend the judgment.” State v. Pearson, No. 13-1311, 2013 WL 5291941, at *3 (Iowa Ct.App. Sept. 18,2013) (emphasis added).
After procedendo issued, the State moved in the district court for a hearing “for the Court to amend its ruling.” The State did not ask for resentencing. However, the district court issued an order on November 1 setting a date for a new sentencing hearing.
On November 22, the resentencing hearing took place. A different judge presided from the one who had conducted the previous sentencing. At the very beginning of the hearing, the judge explained that she interpreted the court of appeals decision as requiring resentencing. No one objected. The parties then proceeded with a resen-tencing.
The State was asked for its position on sentence. Once again, the State recommended consecutive sentences. Among other things, the State directed the court’s attention to the self-serving January 22 letter sent by the defendant to the court seven months after the original-sentencing hearing. This letter, in the State’s view, demonstrated “that the time that he spent in prison hasn’t reached the goals of sentencing rehabilitation.”[4]
The court then turned to defense counsel and asked for his recommendation regarding sentencing. As before, defense counsel argued for a suspended sentence and offered into evidence a letter from a potential employer indicating that PearSon had a job available upon release.[5]
Lastly, the court gave Pearson the opportunity to address the court. During this colloquy, the court asked Pearson why he had never apologized to the victim or her family. Pearson responded that he was “not questioning” the court’s statement that he had never apologized. However, he said, “I do feel remorse for her and them.”
At the conclusion of the hearing, the court pronounced judgment and sentence. It made clear that Pearson was being found guilty under Iowa Code section 709.4(2)(c )(4). It stated that it was not going to grant probation and would run the sentences consecutively. The court gave separate reasons for not suspending sentence and for ordering consecutive sentences. Its explanation for consecutive sentences centered on the defendant’s “absence of remorse.”
Pearson appealed again, this time arguing that the district court had not followed the court of appeals’ mandate. We transferred the case to the court of appeals.
In a March 11, '2015 opinion, the court found that the district court had not exceeded the scope of its mandate by conducting a resentencing. It noted-the prior appellate decision had done two things: (1) it had vacated Pearson’s judgment and sentence, and (2) it had remanded to allow the district court to amend the judgment.
*210 In the court of appeals’ view, a resen-tencing was authorized, if not required, under its previous 2013 decision. The court noted that the 2013 decision had specifically discussed and relied on State v. Garrett, 516 N.W.2d 892 (Iowa 1994), as its model for what should happen. In Garrett, as here, there had been a “clerical error” — although in the verdict form rather than the judgment form. Id. at 896. Our court in Garrett vacated the existing sentence, remanded for the verdict form to be amended, and ordered the district court to “resentence [the defendant] on the amended ... verdict.” Id.
The court now overturns the court of appeals’ second decision. In doing so, my colleagues commit two errors. First, they conclude that the court of appeals misread the mandate of its own prior decision. I disagree with my colleagues. The original court of appeals decision vacated the judgment and sentence below and cited Garrett for what it was doing, specifically noting that Garrett had directed the district court to “enter a new sentence.” Pearson, 20^3 WL 5291941, at *2-3.
According to Webster’s Dictionary, “vacate” means to “make void,” to “annul.” See Vacate, Webster’s Third New International Dictionary (unabr. ed.2002). Black’s Law Dictionary defines the term as meaning “[t]o nullify or cancel; make void; invalidate.” Vacate, Black’s Law Dictionary (10th ed.2014). Once the court of appeals vacated the judgment and sentence, there was no longer a legal or valid sentence. The district court had no alternative but to resentenee Pearson. This is exactly what the district court did through a formal resentencing proceeding. As in any resen-tencing, the district court had to exercise its discretion based upon the current information that was available to it. That is what the district court did here and what the court of appeals confirmed to be appropriate in its second decision.
In today’s opinion, the court distinguishes Garrett. It notes that in Garrett the original inadvertent error was in the verdict form rather than, as here, in the judgment. This may be a relevant distinction, but nobody sought rehearing or further review of the prior court of appeals decision. Hence, it is the law of this case. Whether the initial court of appeals decision correctly or incorrectly applied Garrett is really not at issue now.
My colleagues also say that the prior court of appeals decision did not “intend[ ] the State, upon remand, to have another bite at the apple to argue for a harsher sentence.” But of course, a resentencing gives both sides another bite at the apple — as this case illustrates. The defendant can argue for a more lenient sentence, the State for a stricter one. Just last year, we emphasized that appellate courts have discretion to order a resen-tencing on all counts even when the improper sentence was only on one count and was severable from the sentence on the remaining counts. See State v. Hopkins, 860 N.W.2d 550, 554 (Iowa 2015). If anything, it appears that in a doubtful case, resentencing is the safest option.
This leads to my colleagues’ second error. A fair reading of the record reveals that Pearson did not object to the resen-tencing below. In fact, he was a willing participant. Through his counsel, he sought a lesser sentence than the original sentence; meanwhile, the State sought one that was more severe.
Three weeks before the November 22 hearing, an order had been served on both defense counsel and the defendant setting this hearing for “sentencing.” At the opening of the hearing, the court announced several times that it was going to be conducting, a new sentencing. Defense *211 counsel came prepared for a new sentencing and prepared to argue for probation with a letter from a potential employer. The defendant, in other words, plainly sought to take advantage of the opportunity provided by a resentencing.
The court concedes that by this course of conduct the defendant would normally waive any objection to resentencing, but it declines to apply this waiver rule because of the “unique facts” of this case.
The unique fact detected by the court is that the defendant personally objected to resentencing during his colloquy with the district court even though his counsel went along with resentencing. Respectfully, I believe the court is misreading, the hearing record. Notably, until this court’s opinion today, no one had suggested that the defendant personally objected to resentenc-ing. His appellate counsel makes no such claim despite being new to the case and unencumbered by any position taken by prior counsel at resentencing.
In discerning the existence of an objection no one claims was actually made, the majority has taken out of context a few sentences from the defendant’s colloquy with the district court. In context, Pearson was backpedaling after having been criticized by the State for a lack of remorse. Thus, he told the district court that he had not asked for a resentencing on appeal. Instead, he maintained, “I asked for the correct code to be applied in my appeal.” However, he acknowledged the court of appeals did something different than he had requested:
It’s my belief that Judge Sackett, after reading the — going through my case had determined that an error in judgment, not a clerical error, was made by either the district attorney’s office or the Court initially.
These statements indicate to me that Pearson had been briefed by his counsel ahead of the November 22 hearing and understood that even though hi's initial request had been for nunc; pro tunc -relief based on a clerical error, the court of appeals concluded a more significant error had occurred, opening the door for a resentenc-ing. Pearson was not stating an objection to resentencing, he was giving an accurate description -of the course of his appeal. And Pearson sought, albeit unsuccessfully, to benefit from the situation.
As we said recently,
[I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial-court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable.
State v. Ambrose, 861 N.W.2d 550, 555 (Iowa 2015) (alteration in original) (quoting State v. Pickett, 671 N.W.2d 866, 869 (Iowa 2003)).
But what if I’m wrong? What if Pearson was misinformed or ill-served by his resentencing counsel? Then Pearson can file an application for postconviction relief alleging he received ineffective assistance at the November 22 hearing. That is what PCR proceedings are for, so a record can be developed on ,what the defendant understood and why defense counsel did what he did. In short, even if I agreed with the majority that the court of appeals misread the mandate of its own prior decision, I would find that Pearson waived objection to a resentencing and. that .any challenge to the resentencing .must be developed in a PCR application,..
The court also indicates that Pearson may have asserted a vindictiveness claim, but I do not see such a claim being raised *212 in the briefs. Regardless, I see no basis for concluding that the district judge acted vindictively in resentencing Pearson.
I acknowledge the unfairness recognized by the majority when a defendant receives a more severe sentence after appéaling a technical error that was not his fault. In my view, this unfairness is tempered by the defendant’s willing participation in and attempt to benefit from resentencing, the potential availability of PCR relief, and some of the aggravating facts of this case as recognized by both sentencing judges.
For the foregoing reasons, I would affirm the district court and the court of appeals.
ZAGER, J., joins this dissent.

. For example, in the letter, Pearson complained that the girl’s mother rather than the girl herself had submitted a victim impact statement:
[The mother] stated that her daughter wanted nothing to do with these proceedings, yet said she would speak on [the daughter’s] behalf. I am confused at how someone can speak for another person when said person does not wish to speak in the first place.,

. Pearson later acknowledged that because he is serving, time concurrently for third-degree sexual abuse perpetrated on the same victim in two other counties, he would have to resolve those matters before he could be released.