THE FIRST NATIONAL BANK OF SIGOURNEY AND THE
    KEOKUK COUNTY BANK V. REDHEAD, NORTON,
    LATHROP & COMPANY, Appellants, ELIZABETH K.
    WOODMAN, Executrix, et al.

**Appeal:** ORDER NUNC PRO TUNC: *Transcript.* The courts may order
a correction of their records of a prior date to conform to the
facts as they existed at that date, but they cannot change the
records so as to show that a fact existed on a prior date that did
not then in truth exist; and an order that a transcript of evidence
for the purposes of an appeal be filed *nunc pro tunc* as of a date on
which it was not actually on file is not authorized and does not
cure the failure to file the transcript within the time allowed by
the statute.

*Appeal from Keokuk District Court.*—HON. BEN MCCOY,
Judge.

FRIDAY, OCTOBER 22, 1897.

THIS appeal is by the defendants Redhead, Norton,
Lathrop & Co. from a decree rendered under the opinion
of this court on a former appeal. 93 Iowa, 668. The
defendant, Elizabeth K. Woodman, executrix, alone
appears to this appeal. She also appeals from an order
of the district court correcting the record. Redhead,
Norton, Lathrop & Co., having first appealed, will be
designated as "appellants." ‧

*Nathaniel B. Raymond* for appellants Redhead
Norton, Lathrop & Co.

*Hubbard & Dawley* for appellee Elizabeth K.
Woodman.

*G. D. Woodin* and *J. P. Talley* for plaintiff appellees.

*Hamilton & Donohue* for appellee W. O. Childs.

Given, J.—We are first confronted with a series of motions and resistances based upon affidavits and amendments to and denials of abstracts, and the appeal from the order correcting the record. . These motions and proceedings are quite complicated and lengthy, and to treat them in detail would require more space than should be given to them in this opinion. The following will be sufficient to say concerning them: The decree appealed from was rendered January 6, 1896, and notice of appeal served February 6, 1896. On September 23, 1896, appellee filed her motion to dismiss the appeal and affirm the judgment because no abstract was on file. Appellants served their abstract September 22, and filed it October 7, 1896, and show sufficient reasons for the brief delay. Therefore this motion is overruled.

On January 23, 1897, appellee moved to strike from the abstract all that part purporting to set out the evidence, and to affirm the judgment, on the ground that the judge's certificate to the transcript of the evidence does not certify that it contains all the evidence offered, but simply that it contains the evidence introduced, and that the transcript, with the certificate of the judge (afterwards signed) that it does contain the evidence offered, was not filed until July 7, 1896, which was after the time allowed for filing such transcript. Prior to this motion appellants sent the transcript that had been filed March 30, 1896, to the judge, for further certification; and on July 6, 1896 the judge signed a second certificate to said transcript, certifying that it contained all the evidence offered or introduced. This transcript, thus certified, the judge on that day placed

in the express office at Oskaloosa for transmission to the clerk at Sigourney, with a written order "to re-file the transcript of the shorthand notes of the evidence taken in said cause and heretofore filed in said cause March 30, 1896. You are further directed to enter the foregoing as of date July 6, 1896, *nunc pro tunc.*" In the ordinary course of transit, the transcript would not reach Sigourney until between 5 and 6 o'clock P. M. of July 6, and did not reach the clerk's office until July 7, on which day the clerk entered the same as then filed, but did not make any record of the order of the judge. On February, 1897, appellants filed their motion in the district court, asking, among other things, that the entry and filing mark of said transcript be changed to read, "Re-filed July 6, 1896." Appellee appeared and resisted this motion, and on the hearing the motion was so far sustained as to order the clerk to enter upon the record, *nunc pro tunc,* said written order of the judge made July 6, and from this order defendant Woodman appeals. Appellees' motion to strike and her appeal rest upon the fact that the transcript, duly certified, was not filed within the time required, and the claim that the court had no power to order it filed as of July 6. In the recent case of *Calef v. Cole,* 93 Iowa, 681, it is said of section 2742 of the Code of 1873: "Under this section, it has always been held that unless the translation of the reporter's shorthand notes is filed in the lower court within six months from the time of entering the decree, or, as has sometimes been said, within the time allowed for an appeal, the case cannot be tried *de novo* in this court;" citing prior cases. This transcript, duly certified, was not in fact filed in the lower court within the time required, unless said order of the judge, made July 6, and the subsequent order of the court that said order of the judge be entered of record *nunc pro tunc,* constitutes a filing as of July 6.

That courts may order a correction of their records of a prior date to conform to the facts as they existed at that date is not disputed, but we do not find it to have ever been held that they may change the records so as to show that a fact existed on a prior date that did not then in truth exist. It is an undisputed fact that this transcript, duly certified, was not on file July 6, and therefore we conclude that the order for filing it as of that date was unauthorized. Such being our conclusion, it follows that the order that said transcript be filed as of July 6 must be reversed, on the appeal of Mrs. Woodman, and her motion to strike sustained. In this condition of the record, there is nothing further for this court to consider, and the decree of the district court is therefore affirmed on the appeal of Redhead, Norton, Lathrop & Co. We may add that we are content with this result, as, upon an examination of the case on the record as presented by appellants, we think the decree now appealed from is in entire harmony with our former opinion. *Reversed* on the appeal of W. K. Woodman, and *affirmed* on the appeal of Redhead, Norton, Lathrop & Co.