W. H. HOWERTON, Appellee, v. J. H. AUGUSTINE, Appellant.

**Appeal:** CERTIFICATION OF RECORD. A certificate of the proceedings of a trial written in shorthand is not such a certification of the report of a trial as the statutes require; the same should be written out in long hand. And a complete translation of the record and certificate, certified by the reporter and judge after the time for filing a bill of exceptions as fixed by the statute, will not cure the previous defective certification.

*Appeal from Mahaska District Court.—*HON. BYRON W. PRESTON, *Judge.*

THURSDAY, OCTOBER 19, 1911.

ACTION for damages for false representation in the sale of land. There was a verdict and judgment for the plaintiff. The defendant has appealed. Appellee plaintiff challenges the sufficiency of the record for the purpose of an appeal and in an amended abstract denies the preservation of the evidence. *Motion to dismiss sustained.*

*H. L. Bump* and *Burrell & Devitt,* for appellant.

*Liston McMillen* and *I. C. Johnson,* for appellee.

EVANS, J.—Appellee has filed a motion to dismiss the appeal for want of sufficient record. Such motion has been submitted with the case, and we give our first consideration to it.

The trial below was completed March 5, 1910. On that day an alleged certification of the evidence was signed by the presiding judge and the reporter, and filed by the clerk. The sufficiency of such certification is challenged by the appellee on the ground that the certificate was written in shorthand only. The question presented is: Was it a sufficient compliance with Code, sections 3675, 3749, 3752, 3753, to attach to the shorthand report of the trial a certificate in shorthand only? Such certificate was later transcribed by the shorthand reporter, and a complete transcript of the entire report of the trial was made by the reporter, and certified to by himself and the presiding judge. But this was not done within the time provided for filing a bill of exceptions by section 3749. The writer hereof inclines to the view that the method of certification adopted should be held as *prima facie* sufficient, and that

it is unduly technical to hold that its shorthand form is fatal thereto. The argument for this view is that such certification furnished a sufficient basis within the statutory time for a later certified translation. Such later certified translation has been made. Granted that the certificate in shorthand form was illegible to the ordinary person, it was no more so than was the entire shorthand report of the trial.

However, the majority of the court is of the opinion, in substance, that shorthand characters are not "writing" within the meaning of the statute, and that a certificate in such form is not a certificate at all within the meaning of the statute. The argument in support of this view is that conclusive identification is the purpose of the certificate and that a certificate in shorthand does not furnish such identification to the ordinary person until after it shall have been translated. There was therefore no certification in this case within the statutory time. The question bears some analogy to that involved in *Bank v. Meldrum,* 128 Iowa, 694. The view of the majority is consistent with the holding in that case. The effect of the decision in the cited case, however, was avoided by later legislation.

II. Appellant urges upon our attention that a complete translation of the shorthand notes of the trial, including the shorthand certificate thereof, was duly certified by the reporter and judge, and the same was duly filed on September 16, 1910. It is urged that the certification of the complete transcript by the reporter and judge cured the alleged defect in the original certification of the shorthand notes. The difficulty with this contention is that the certification thus relied on was done after the expiration of the statutory time for signing and filing a bill of exceptions. If the first certificate of the shorthand notes was not a sufficient compliance with the sections of the statute above referred to, then there was no bill of exceptions filed within the statutory time. This being so, no subse-

quent certification could supply such omission. · The cases of *Smith v. Wellslager,* 105 Iowa, 140, and *Hofacre v. Monticello,* 128 Iowa, 242, are cited by appellant in sup-. port of the proposition that the statute fixes no time within which the translation of shorthand notes must be filed. It is sufficient if such translation be filed at any time appropriate to the purpose of appeal. But such holding does not reach appellant's case at all. If the appellant had filed a proper bill of exceptions within the statutory time, there could be no doubt of the sufficiency of the transcript for the purpose of this appeal. Under the statute the shorthand report of the trial duly certified and filed within the statutory time is deemed to be a bill of exceptions. It fixes the record. The later transcript is ruled by it, and must conform to it. Even the judge and reporter could not properly certify to a later translation at variance with the shorthand report. The appellant's difficulty is not that he has failed to file a proper translation of the shorthand report, but that he has failed to file a proper bill of exceptions within the statutory time.

We must hold, therefore, that the evidence is not before us, and we cannot pass upon any questions involving a consideration of the evidence. Only questions pertaining to evidence are presented for our consideration by appellant's brief. The motion to dismiss must therefore be *sustained.*