P. V. BEAR, Appellant, v. R. F. SULLIVAN et al., Appellees.

**APPEAL AND ERROR:** Belated Certification of Evidence. Evi-
1   dence in equity causes, which involve issues of fact, is not preserved by a certification of the shorthand notes by the judge, long after the expiration of six months from the entry of final decree, even though accompanied by a statement by the judge that he signs the certification "as of a date" *prior* to the expiration of such six months.

**JUDGMENT:** Scope of Nunc Pro Tunc Entries. The right to make
2   *nunc pro tunc* entries does not embrace the right to make a belated entry state a fact as existing at a prior date when such fact did not, in fact, exist at such prior date.

**APPEAL AND ERROR:** Review De Novo on Part of Evidence. *De*
3   *novo* hearings may not be had, on appeal in equity causes involving issues of fact, unless *all* the evidence has been properly preserved by due certification, and is before the court. The appellate court will not. in the absence of part of the evidence, pass on the materiality of the mutually joined issues, or on the materiality of the absent evidence bearing thereon.

*Appeal from Lee District Court.*—W. S. HAMILTON, Judge.

FEBRUARY 17, 1919.

REHEARING DENIED MAY 8, 1919.

ACTION in equity, for the purpose of impressing a trust upon certain real estate, to establish a lien, and to foreclose the lien on the trust property for the purpose of discharging the lien thereon. After a full trial on the merits, the trial court held that the plaintiff had failed to show that he was entitled to any relief on the equitable issues, but gave judgment in his favor against Sullivan, for the amount of the note specified in the contract, and held that the property belonged to defendant Swan, free from any lien or claim on the part of plaintiff. Decree was entered accordingly, and the plaintiff appeals. The defendants, appellees, have filed a motion to strike the evidence from the abstract, and to affirm the decree, because the evidence was not properly certified and preserved by the trial court. The motion is well taken, and is sustained, and the decree is—*Affirmed.*

*Boyd & McKinley,* for appellant.

*W. C. Howell,* for appellees.

PRESTON, J.—1. The action is in equity, wherein issues of fact were joined, and appellant is claiming a hearing *de novo* and claims, too, that, even though the evidence of three witnesses who testified on the trial was

1. APPEAL AND ERROR: belated certification of evidence.

not properly preserved, the case may still be tried *de novo* because there was an agreed statement of facts as to a part of the issues. The motion to strike, condensed as much as may be, is: That the evidence consisted of an agreed statement of facts, and the oral testimony of three witnesses, whose testimony was taken in shorthand by the reporter; that none of the evidence was certified by the judge who heard the case, within six months after the time the final decree was entered, and that it has never been certified by said judge; that no transcript of the evidence taken in shorthand by the reporter has ever been filed in the case; that no certificate of the judge to the reporter's notes, or to any transcript thereof, has ever been made or filed in the case. The final decree was entered

herein on October 24, 1917. It appears that, up to August 16, 1918, the day the motion to strike was filed in this court, neither the shorthand notes nor a transcript thereof had been certified by the trial judge. On October 22, 1917, a large envelope containing the shorthand notes of the evidence was filed in the office of the clerk. Attached to said notes was the certificate of the reporter, signed by him, and an un-signed judge's certificate. No other certificates were attached to said shorthand notes, and no other certificates of the evidence have been filed in the clerk's office. The judge's unsigned certificate to the shorthand notes ends in this wise:

"Witness my hand at Keokuk, Iowa, this 12th day of Oct. 1917.

"(Not signed)                              ——————————

                              "Judge, District Court."

After the motion to strike had been filed in this court, and on August 22, 1918, Judge Hamilton, who tried the case below, put his name to the then unsigned certificate attached to the shorthand notes, together with the following written statement, which appears thereon: "Actual date of signing, August 22, 1918, but signed as of date October 12, 1917." This was approximately ten months after the decree was entered. Code Section 3652, as amended in 1906, by the thirty-first general assembly, provides:

"In equitable actions wherein issues of fact are joined, all the evidence offered in the trial shall be taken down in writing, or the court may order the evidence, or any part thereof, to be taken in the form of depositions, or either party may, at pleasure, take his testimony, or any part thereof, by deposition. All the evidence so taken shall be certified by the judge at any time within six months after the entry of a final decree, and the evidence and certificate be made a part of the record, and go on appeal to the Supreme Court, which shall try the case anew. But this section shall be so construed as to include the evidence taken in short-

hand, when the reporter's notes of such evidence have been certified to by the judge and reporter within the time herein provided."

It is not claimed by appellant that the trial court certified any translation or transcript of the shorthand reporter's notes. The complete record has been certified, together with a transcript of the evidence. This transcript is endorsed, "Filed Aug. 24, 1918." There is no certificate of the trial judge thereto. The only certificate of any kind by the trial judge was to the shorthand notes on August 22, 1918, as hereinbefore stated. This could not be done after the expiration of the statutory time, there being no certification of the shorthand notes. *Howerton v. Augustine,* 153 Iowa 17, 19. The alleged certification of the shorthand notes was not a compliance with the statute, so that there was no bill of exceptions within the statutory time. *Howerton v. Augustine,* supra. The abstract, which is denied by appellees, recites that the shorthand notes were certified by the reporter and the court. Appellant cites authorities to the proposition that, where the judge's certificate to the shorthand notes shows that it was signed within the time required by the statute, the certificate cannot be disputed by a subsequent certificate of the judge's or otherwise; but that is not the situation in the instant case. Here, the certificate was not signed at all until August 22, 1918, but is dated back, and recites that it was signed as of a prior date. It is not a question of the court's signing it on October 12, 1917, and then seeking to contradict that by a recital that it was not signed until a later date. There is no basis for a claim that it was actually signed October 12, 1917, and signed August 22, 1918, *nunc pro tunc.* Indeed, it is not so claimed by appellant. In *First National Bank v. Redhead, etc., Co.,* 103 Iowa 421, it was said:

2. JUDGMENT: scope of *nunc pro tunc* entries.

"That courts may order a correction of their records of

a prior date to conform to the facts as they existed at that date, is not disputed, but we do not find it to have ever been held that they may change the records so as to show that a fact existed on a prior date that did not then in truth exist. It is an undisputed fact that this transcript, duly certified, was not on file July 6th, and therefore we conclude that the order for filing it as of that date was unauthorized."

2.   It appears that, for the purpose of expediting the trial, an agreed statement of facts was made and filed. This is signed by attorneys for the parties. It is next contended by appellant that, even though the evidence was not properly certified by the trial judge, they are still entitled to a trial *de novo*, because of the agreed statement as to a part of the facts. Cases are cited to the point that, when an agreed statement of facts is signed and filed, it becomes a part of the record. But appellees contend that the agreed statement of facts must be identified by the certificate of the judge. This we do not determine, for the reason that the agreed statement of facts itself provides that, as to one issue, asserted by defendants and denied by plaintiff, it was agreed that "either party may offer evidence upon the trial of this case in support of this issue, which shall be determined by the court." It is shown that there were at least three witnesses who gave testimony in addition to the agreed statement. But appellant says that this is not a material issue, and claims that, conceding that the oral evidence was not properly certified, and claiming that it is not necessary to certify the evidence contained in the agreed statement of facts, we may ignore the issue which was supported by the oral testimony, and still have the case tried *de novo* on such evidence as remains in the stipulated facts.

The statute, Section 3652, provides that all the evidence taken shall be certified, etc. In *Co-Operative Bank v. Meldrum*, 128 Iowa 694, counsel for appellants claimed that, as

3. APPEAL AND ERROR : review *de novo* on part of evidence.

the abstract filed by them made it appear that the case was submitted to the trial court upon an agreed statement of facts, reduced to writing, there was a substantial compliance with Section 3652 of the Code, and there was no occasion for the certificate of the trial judge. We said:

"One trouble with this contention is that the abstract of appellant makes it appear that, in addition to the agreed statement, the depositions of witnesses were taken and used upon the trial. The materiality of the evidence so taken is not material to the question we have to consider. Moreover, the agreed statement of facts submitted to the court amounted to no more than a matter of evidence, and as the same was not certified and proved, as required by law, and especially as the same does not appear to have been filed, we have no means of identifying the evidence, or of determining whether all thereof is properly before us."

It is quite clear to us that a part of the evidence, at least, has not been properly preserved; and, should it be admitted that the part covered by the agreed statement of facts could be considered, yet we may not try the case *de novo* with only a part of the evidence before us. It might be difficult sometimes to determine whether the evidence on one issue was or was not material, and its bearing on other issues and other evidence, when we do not have all the evidence. No questions are presented or argued which could be determined without the evidence. The motion to strike is well taken, at least as to a part of the testimony, and since there is nothing before us to consider on the merits of the appeal, it follows that the decree must be, and it is,—*Affirmed.*

LADD, C. J., EVANS and SALINGER, JJ., concur.