CHARITON & LUCAS COUNTY NATIONAL BANK, Appellee, v. W. C. TAYLOR et al., Appellants.

No. 41083.

FEBRUARY 16, 1932.

Evans & Garrett, G. C. Stuart, O. M. Slaymaker and R. E. Killmar, for appellants.

J. W. Kridelbaugh and Bracewell, Murrow & Poston, for appellee.

STEVENS, J.—This action originally was upon a promissory note and to foreclose a chattel mortgage executed by the maker of the note and his wife as security for the payment thereof. The chattels described in the mortgage consisted of live stock, hay, grain and other property. The issues joined upon the action on the note and to foreclose the mortgage were tried, and a judgment *in rem* against the property and a decree of foreclosure were entered. After the property described in the mortgage had been advertised for sale on special execution, the discovery was made that a portion thereof had been omitted from the description copied into the decree. The decree was prepared by one of counsel for the plaintiff, who attempted to set out the description in full. The omission of a portion thereof was obviously the result of oversight. The exigency thus arising was sought to be met by a supplemental decree, supplying the omission, but which was entered without notice to the defendants. Thereafter a notice of appeal was served by defendants upon the plaintiff and the cause was brought to this court for trial *de novo*. The decree and judgment of the trial

court was, upon submission, affirmed in all respects, except it was held by this court that the supplemental decree entered without notice was, because of this omission, without effect or validity. Chariton & Lucas County Nat. Bank v. Taylor, 210 Iowa 1153.

Procedendo from this court having been filed in the office of the clerk of the district court of Wayne county, the plaintiff filed a motion for a *nunc pro tunc* order correcting the decree. Resistance to the motion having been filed, a hearing was had before the judge who signed the original decree. The court found upon such hearing that the omission of a portion of the property described in the mortgage from the decree was an evident mistake, and an order and decree correcting the same as of the date of such original decree was duly signed by the court and entered of record by the clerk. From this order and supplemental decree the defendants have appealed. They will from this point be referred to as appellants.

The office and function of a *nunc pro tunc* order or judgment is to put upon the record and to render effective some finding or adjudication of the court actually or inferentially made, but by oversight or evident mistake not made of record. As said by the supreme court of Arizona in Southern Pacific Co. v. Pender, 134 Pac. (Ariz.) 289:

"The office of a *nunc pro tunc* entry is not to make an order now for then, but to enter now for then an order previously made."

The authorities are harmonious, and we cite them only as illustrative of the application of the rule made thereby to various facts and circumstances. Hofacre v. Monticello, 128 Iowa 239; Snyder v. Fahey, 183 Iowa 1118; Bear v. Sullivan, 185 Iowa 1381; Arnd v. Poston, 199 Iowa 931; Sergio v. Utterback, 202 Iowa 713; Andrew v. Winegarden, 205 Iowa 1180; State v. Frey, 206 Iowa 981; Hamill v. Brewing Co., 165 Iowa 266; Shelley v. Smith, 50 Iowa 543; McConnell v. Avey, 117 Iowa 282; Puckett v. Guenther, 142 Iowa 35; Perkins v. Perkins, 114 N. E. (Mass.) 713; People v. Rosenwald, 107 N. E. (Ill.) 854; Noyes v. Pierce, 122 Atl. (Vt.) 896.

The court may not, however, modify, change or alter the record so as to show that a fact existed on a prior date that did

not then in truth exist. In other words, the exercise of the power to enter an order or judgment *nunc pro tunc* presupposes the actual finding or prior rendition of a judgment. The rule does not contemplate the substitution of a new judgment for one previously entered. Graham Paper Co. v. Wohlwend, 116 Iowa 358; Doughty v. Meek, 105 Iowa 16; First Nat. Bank v. Redhead, 103 Iowa 421; Cassidy v. Woodward, 77 Iowa 354; Puckett v. Guenther, supra; Davis White Markets v. Lefas, 126 Atl. (N. J.) 430; Stampfle v. Bush, 77 S. E. (W. Va.) 283; Lindauer v. Pease, 61 N. E. (Ill.) 454.

The court did not upon the original submission of the cause announce a ruling upon the merits, but, as appears from the entry on the court's calendar, took the same under advisement.

No finding of the court or order or judgment other than such as are incorporated in the original decree was made prior to the filing of the supplemental decree to which we have already referred. The *nunc pro tunc* order issued by the court herein is valid only if it in fact and effect corrects an evident mistake or supplies an omission from the judgment and decree previously entered. The court did not have jurisdiction to enter an additional or independent judgment or decree. The issues joined upon the original trial involved no controversy as to the ownership of the property described in the mortgage, and the time it was executed.

The controversy, then, before the court, on the part of the defendant mortgagors, involved only a plea that the instruments were executed without consideration. The remaining defendants either asserted ownership of a portion of the property acquired without notice of the mortgage or priority of the lien of a mortgage held by them.

It was claimed that the mortgage sought to be foreclosed was defectively acknowledged. No adverse claim was otherwise asserted by any of the defendants to the mortgaged property or any part thereof.

The resistance to the motion of appellee for a *nunc pro tunc* order presents as grounds therefor that the court was without jurisdiction or authority to make an order modifying or correcting the original decree, for the reason that the matter was already fully adjudicated against him and that no finding, order, judgment or decree of the court was ever made or entered

other than as appears in the original decree, and that such decree is in all respects in harmony with the findings of the court as therein set forth, and that no mistake or omission occurred or is shown in this proceeding.

Obviously, there has been no such prior adjudication as to preclude the court from correcting an evident mistake in the original decree. A *nunc pro tunc* order or judgment, as we have already shown, is for the purpose of correcting a mistake so as to make that of record as of the date when it should have been entered, but was not. The mistake or omission sought to be corrected and supplied is, as stated, wholly foreign to any issue tendered by appellants upon the original trial. The court sought to enter such an order as would prevent a gross miscarriage of justice.

It was the rule at common law, and is now the rule in most, if not all, jurisdictions in England and this country, that the court, having taken a cause under advisement and delayed decision until after the death of the defendant, may render judgment as of the date of the submission. Flock v. Wyatt, 49 Iowa 466; Re Pillsbury, 3 A. L. R., 1396, and note. Other examples of the power of the court are recited in Perkins v. Perkins, supra.

The court in its original decree made findings as follows:

"* * * *the court after an inspection of the pleadings and after hearing the evidence and arguments of counsel and being fully advised in the premises, finds for the plaintiff and against the defendants and each and all of them, *except as hereinafter stated.* * * *

"The court further finds that the mortgage sought to be foreclosed by the plaintiff, was and is a valid and binding mortgage as between the plaintiff and the defendants W. C. Taylor and Ruth L. Taylor.* * *

"The court further finds that the defendants W. C. Taylor and Ruth L. Taylor have been adjudicated bankrupts just prior to the trial of this cause and that no personal judgment should be rendered against them, but that a judgment *in rem against all of the property covered by the plaintiffs' mortgage* for the full amount due upon said promissory note, should be rendered and established as a valid and subsisting lien thereon and paramount and superior to the claim of any of the defendants ex-

cept as to the amount of $100.00 as above set forth of the defendants, Evans & Garrett. * * *

"* * * and said judgment *in rem* is hereby declared to be and established as a lien upon the mortgaged property to wit: (The omission to copy the full description from the mortgage occurs at this point.) * * *

"It is further ordered, adjudged and decreed that said judgment herein rendered is a judgment only against the mortgaged property * * *."

The court made one exception in its finding which was fully covered by the decree. This finding was as follows:

"That the claim of Evans and Garrett (defendants) in the sum of $100 being for services rendered by them after the taking of said mortgage would be a superior lien on the above described property to the claim of plaintiff."

It conclusively appears from the foregoing extracts from the finding and decree of the court that the lien of appellee's mortgage was established upon all of the property covered by the mortgage. The finding of the court at this point is specific, and need not be inferred. Had the description of the property been omitted entirely from the decree which established the lien of the mortgage upon all of the property described therein, it would have been not only sufficient, but conclusive. The failure of the writer of the decree to include a description of all of the property therein was due to evident mistake. The mistake became that of the court when the decree was signed. The court, under all of the authorities cited by counsel or otherwise brought to our attention, it seems to us, had jurisdiction and authority to enter such order as was necessary to carry out and give full effect to the finding of the court as clearly set forth in the decree. The facts bring the case within well established rules.

No other question is presented for decision by the appeal.—Affirmed.

WAGNER, C. J., and FAVILLE, DE GRAFF, and ALBERT, JJ., concur.