# IN THE SUPREME COURT OF IOWA

No. 13–1906

Filed March 4, 2016

Amended March 7, 2016

**STATE OF IOWA,**

    Appellee,

vs.

**JOSHUA SCOTT PEARSON,**

    Appellant.

---

On review from the Iowa Court of Appeals.

Appeal from the Iowa District Court for Marion County, Martha L. Mertz, Judge.

Defendant seeks further review of a court of appeals decision holding the district court properly resentenced the defendant upon remand. **DECISION OF COURT OF APPEALS AND JUDGMENT AND SENTENCE OF DISTRICT COURT VACATED; CASE REMANDED WITH DIRECTIONS.**

William L. Bushell, Des Moines, and Angela L. Campbell of Dickey & Campbell Law Firm, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, and Edward Bull, County Attorney, for appellee.

**CADY, Chief Justice.**

The defendant, Joshua Scott Pearson, seeks further review of a court of appeals decision holding the district court properly resentenced him upon remand. Pearson asserts the district court exceeded its authority when it resentenced him instead of merely correcting an error in the sentencing order. As a result, Pearson contends, he unjustly received a harsher sentence than the one in the original sentencing order. Upon further review, we hold the district court exceeded its mandate when it resentenced the defendant upon remand. Accordingly, we vacate the decision of the court of appeals and the judgment and sentence of the district court and remand the case for entry of judgment consistent with this opinion.

## I. Background Facts and Proceedings.

On November 4, 2011, the State charged thirty-one-year-old Joshua Scott Pearson with committing sex acts with a fifteen-year-old girl. On April 17, 2012, Pearson pled guilty to two counts of sexual abuse in the third degree in violation of Iowa Code section 709.4(2)(*c*)(4) (2011). This section criminalizes the performance of a sex act with a fourteen- to fifteen-year-old person by an individual at least four years older and not married to the person. *Id.* At the guilty plea hearing, the State established a factual basis for the plea.

At the subsequent sentencing proceeding, the prosecutor mistakenly informed the district court that the defendant "pled guilty . . . to two counts of sexual abuse in the third degree in violation of Iowa Code [s]ection[s] 709.1 and 709.4(2)(*b*)." This was the only reference made to the applicable Code sections by anyone at the sentencing proceeding. A violation of Iowa Code section 709.4(2)(*b*) criminalizes a sex act with a twelve- or thirteen-year-old. *Compare id.* § 709.4(2)(*b*),

*with id.* § 709.4(2)(*c*)(4). Section 709.4(2)(*b*) is a forcible felony while section 709.4(2)(*c*)(4) is a nonforcible felony. *See id.* § 702.11. The written judgment and sentence entered by the district court adjudged the defendant guilty of two counts of sexual abuse in the third degree in violation of Iowa Code section 709.4(2)(*b*). Yet, it was clear that during the sentencing proceeding, the court understood the defendant pled guilty to crimes involving a fifteen-year-old female and a thirty-one-year-old male consistent with the elements of section 709.4(2)(*c*)(4). In its colloquy with the defendant, the court stated, "This victim was roughly fifteen years younger. She was a 15 year old girl."

As part of the plea agreement, the parties were free to argue for whatever disposition they deemed appropriate. The defendant argued for a twenty-year suspended sentence. Probation, he asserted, would provide him with the maximum opportunity for rehabilitation. The State argued for two consecutive, indeterminate ten-year sentences. In delivering its sentence, the district court stated probation was not justified in this instance. The major issue before the court was whether the sentences should be consecutive or concurrent. The court sentenced the defendant to two concurrent, indeterminate ten-year sentences.[1]

On June 13, Pearson filed a notice of appeal. Two months later, on August 29, the defendant filed a motion to correct an illegal sentence, asserting the district court applied the wrong Code section at his sentencing and asking the court to correct the error promptly.[2] The

---

[1]In addition to the prison terms, the judgment also provided the defendant was subject to lifetime parole, DNA profiling, sex-offender registration, and several no-contact orders. *See* Iowa Code § 81.2; *id.* § 664A.5; *id.* § 692A.104; *id.* § 901.5(8A)(*a*); *id.* § 903B.1.

[2]There is nothing in the record to indicate the district court addressed this motion. Because the defendant had filed an appeal, the district court did not have jurisdiction to correct the judgment. *See State v. Jose*, 636 N.W.2d 38, 46 (Iowa 2001).

defendant also filed successive motions for reconsideration of sentence with the district court. Each time the defendant argued for probation and alleged, among other things, the court used the wrong Code section in his sentencing. The district court denied each of the defendant's motions for reconsideration.

**A. Original Appeal.** We transferred Pearson's case to the court of appeals. In his appeal, Pearson asserted the district court made a mistake of law when it entered judgment and convicted Pearson of violating Iowa Code section 709.4(2)(*b*), which he contended could not be corrected by the use of a nunc pro tunc order. He requested remand to the district court "to correct the statutory violation of the judgment." The State agreed the wrong Code section had been entered in the defendant's judgment but contended it was merely a clerical error, which could be corrected with a nunc pro tunc order. The State further contended the record unambiguously demonstrated the court intended to enter judgment against Pearson for violating Iowa Code section 709.4(2)(*c*)(4), criminalizing a sex act with a fifteen-year-old. It asserted that "[t]he district court did not consciously reason and determine to enter judgment under Iowa Code section 709.4(2)(*b*)." The State requested the court affirm the judgment and remand the case to the district court to enter a nunc pro tunc order correcting the clerical error.

The court of appeals, however, agreed with Pearson. It found that the "oral pronouncement of the sentence . . . was to charges Pearson had not pleaded guilty to" and for which there was no support in the record. *State v. Pearson*, No. 12-1311, 2013 WL 5291941, at *2 (Sept. 18, 2013). Therefore, the court was unable to remand for a nunc pro tunc order. Instead, the court "vacate[d] the judgment and sentence on Iowa Code section 709.4(2)(*b*) and remand[ed the case] to the district court to allow

the district court to amend the judgment and sentence to reflect the defendant's intent in entering the plea." *Id.* at *1.

**B. Proceeding on Remand.** The matter returned to the district court before a different judge on November 22, 2013. Initially, the court stated, "This matter is back before the Court *for the purpose of resentencing* on two counts of sexual abuse in the third degree contrary to Iowa Code [s]ection 709.4(2)(*c*)." (Emphasis added.) The prosecutor agreed, and the court continued:

> This matter went up on appeal and was remanded for sentencing based on an interesting opinion drawing a distinction between when we must vacate sentences and when we can simply correct them with an order nunc pro tunc. In this instance the Court of Appeals said it had to remand for resentencing.

The court then proceeded to review the presentence investigation report (PSI) and the record in the case. The court inquired whether there was "any legal reason or cause why judgment and sentence should not now be pronounced," to which defense counsel replied, "No." Both the State and the defendant renewed the sentencing recommendations previously urged. The State requested consecutive, indeterminate ten-year sentences while the defendant again asked for "a probationary sentence, two ten-year sentences run concurrent and on probation." The defendant was then given the opportunity to address the court before sentence was pronounced. In speaking to the court, Pearson initially objected to the prosecutor's remarks that he failed to apologize to the victim. In addition, he stated:

> I didn't ask for a new sentencing. I asked for the correct code to be applied in my appeal. It's my belief that [the court of appeals] determined that an error in judgment, not a clerical error, was made by either the district attorney's office or the Court initially.

The court then found the defendant guilty of two counts of sexual abuse in the third degree in violation of Iowa Code section 709.4(2)(*c*)(4), the correct Code section, and sentenced him to two indeterminate ten-year sentences to be served consecutively.

At the end of the hearing, when discussing whether the judgment order should send the defendant to Oakdale for assessment or back to prison, the court stated, "I think that was sort of the whole point of the appeal, was it not, Mr. Pearson, to get it right the first time?"  The defendant responded, "Yes.  It was just to get the code right the first time.  I didn't think a new sentencing and everything but that's . . . ."

The court advised the defendant that he was subject to DNA profiling, sex-offender registration, and several no-contact orders.  In addition, the court's judgment and sentencing order provided the "[d]efendant shall successfully complete a sexual offender treatment program [(SOTP)] while incarcerated."

**C.  Current Appeal.**  The defendant now appeals his resentencing, asserting that upon remand the district court erred by not following the instructions of the court of appeals in two respects.  First, Pearson claims the court erred because "instead of correct[ing] the technical error in the first sentencing order, it resentenced [him] anew," resulting in a change in his sentences from concurrent to consecutive.  Second, he asserts the court's resentencing also resulted in a change in his sentence by requiring that he complete the required SOTP while incarcerated as opposed to the original sentence, which would have allowed him to complete the program while on parole.

We again transferred the case to the court of appeals, which concluded the district court properly resentenced the defendant and affirmed the district court.  Upon our further review, we find the district

court exceeded its mandate when it resentenced the defendant upon remand, and we vacate the decision of the court of appeals and the judgment and sentence of the district court and remand for entry of judgment consistent with this opinion. Consequently, we need not address the defendant's assertion that the harsher sentence was unjust and the result of vindictiveness.

## II. Standard of Review.

Both the defendant and the State assert this court's review is for errors at law. The defendant has brought this challenge as an appeal, *see* Iowa Code § 814.6 (2013) (providing criminal defendants in most instances a right of appeal from final judgment of sentence); however, in his argument he relies almost exclusively on *City of Okoboji v. Iowa District Court,* 744 N.W.2d 327 (Iowa 2008), a certiorari case. Because the defendant has a statutory right to appeal, we need not address whether he could have challenged the district court's action with a writ of certiorari. *See Kuhlmann v. Persinger*, 261 Iowa 461, 468–69, 154 N.W.2d 860, 864 (1967) (recognizing other forms of relief when a district court misconstrues an appellate mandate); *see also Bousman v. Iowa Dist. Ct.,* 630 N.W.2d 789, 793–94 (discussing defendant's right to appeal under section 814.6 and availability of certiorari proceedings). Additionally, we agree our review is for correction of errors at law. *See* Iowa R. App. P. 6.907.

## III. Discussion.

**A. Resentencing.** The defendant asserts the district court erred in resentencing him. Specifically, the defendant contends the district court exceeded its authority upon remand.

"It is a fundamental rule of law that a trial court is required to honor and respect the rulings and mandates by appellate courts in a

case." *City of Okoboji*, 744 N.W.2d at 331. "A mandate to the district court contained in a decision of this court becomes the law of the case on remand, and a district court that misconstrues or acts inconsistently with the mandate acts illegally by failing to apply the correct rule of law or exceeding its jurisdiction." *Id.* at 330. Moreover, a district court on remand "is limited to do the special thing authorized by this court in its opinion, and nothing else." *Kuhlmann*, 261 Iowa at 468, 154 N.W.2d at 864.

When presented with a mandate on remand, the district court's first task is to determine the precise action directed to be performed by the appellate court. *City of Okoboji*, 744 N.W.2d at 331. In doing so, the court "must not read the mandate in a vacuum, but must consider the full opinion of the appellate court and the circumstances the opinion embraces." *Id.* at 332. In other words, "[t]he rationale of the appellate court opinion must be examined to uncover the intent of the appellate court." *Id.*

The defendant contends the appellate court was clear: "We vacate the judgment and sentence on Iowa Code Section 709.4(b) and remand to the district court to allow the district court to *amend the judgment*." *Pearson*, 2013 WL 5291941, at *3 (emphasis added). According to the defendant, the district court only had authority to correct the clerical error on the judgment and was not authorized to resentence the defendant.

Before addressing the merits of the defendant's substantive claim, we must first consider whether the defendant has preserved error on this issue. The State concedes a defendant may challenge an "error[] in sentencing . . . on direct appeal even in the absence of an objection in the district court." *State v. Lathrop*, 781 N.W.2d 288, 293 (Iowa 2010). It

argues, however, that the defendant's challenge is to the district court's authority to resentence him, not to the legality of the sentence itself; therefore it contends his challenge does not fall into this broad error-preservation principle applicable to illegal sentences. *See, e.g.*, *State v. Bruegger*, 773 N.W.2d 862, 872 (Iowa 2009) (holding when "the claim is that the sentence itself is inherently illegal, whether based on constitution or statute," the claim may be asserted at any time). When specifically asked by the district court whether he knew of "any legal reason or cause why judgment and sentence should not be pronounced," the defendant, through counsel, responded he did not. Thus, the very issue the defendant challenges in this appeal—resentencing—his counsel failed to object to when given the opportunity to do so by the court.

We have long held that we "would not decide a case based on a ground not raised in the district court." *DeVoss v. State*, 648 N.W.2d 56, 60 (Iowa 2002). These error preservation rules are based upon fairness.

> [I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable.

*Id.* (alteration in original) (quoting 5 Am. Jur. 2d *Appellate Review* § 690, at 360–61 (1995)).

Even though neither the State nor Pearson sought resentencing on appeal or on remand, and both only wanted the conceded mistake in the existing judgment and sentence corrected, the district court on remand ordered resentencing. While the attorneys yielded to the directive of the district court, Pearson told the court when he had the opportunity to address the judge that he did not want to be resentenced. In other

words, the one person in the courtroom who was the subject of the resentencing objected when it was his turn to speak. Under these unique facts, we conclude the defendant did not fail to preserve error on his claim.

We now proceed to determine whether the district court acted contrary to "the precise action directed to be done by the appellate court." *City of Okoboji*, 744 N.W.2d at 331. In this case, the court of appeals opinion stated it "vacate[d] the judgment and sentence on Iowa Code section 709.4(2)(*b*) and remand[ed] to the district court to allow the district court to *amend* the judgment and sentence to reflect the defendant's intent in entering the plea." *Pearson*, 2013 WL 5291941, at *1 (emphasis added).

As previously noted, the appellate court did not believe it could remand the case to the district court for the entry of a nunc pro tunc order to correct a clerical error. *Id.* at *1.

> The function of a nunc pro tunc order is not to modify or correct a judgment but to make the record show truthfully what judgment was actually rendered—"not to make an order now for then, but to enter now for then an order previously made."

*Gen. Mills, Inc. v. Prall*, 244 Iowa 218, 225, 56 N.W.2d 596, 600 (1953) (quoting *Chariton & Lucas Cty. Nat'l Bank v. Taylor*, 213 Iowa 1206, 1208, 240 N.W. 740, 741 (1932)). The court found that this was not a case of judgment entry incorrectly differing from the oral rendition of the judgment, in which the nearly universal application is that the oral pronouncement controls. *Pearson*, 2013 WL 5291941, at *2. The appellate court concluded, "The oral pronouncement of the sentence here was to charges Pearson had not pleaded guilty to, nor was there any evidence to support a finding Pearson had violated that code section." *Id.*

It found the case akin to *State v. Garrett*, 516 N.W.2d 892 (Iowa 1994). *Id.*

In *Garrett*, the state charged the defendant with criminal trespass, and the court properly submitted the elements of trespass to the jury. 516 N.W.2d at 894. However, the verdict form for the criminal trespass charge was erroneously labeled "criminal mischief." The jury returned a verdict against Garrett on this form. *Id.* Nevertheless, the court entered judgment of conviction and sentence for criminal trespass. *Id.* The defendant challenged his sentence as illegal. *Id.*

Under the facts of that case, this court drew two conclusions: (1) A clerical error existed in the verdict form, and (2) the jury intended to find Garrett guilty of criminal trespass. *Id.* at 895–96. We held "the district court had the authority to ignore the clerical error . . . and accept the verdict as a finding by the jury that Garrett was guilty of criminal trespass." *Id.* at 896. We said this because we found the jury's intention to find him guilty of criminal trespass was "clearly apparent from the instructions and verdict forms." *Id.* However, we held, "Technically, the district court should have amended the verdict form to reflect this finding." *Id.* For that reason, we vacated the sentence on criminal trespass and remanded to the district court to allow it to amend the verdict form and resentence on the criminal trespass. *Id.*

At first blush, it would appear that the court of appeals' reliance on *Garrett* supports the conclusion that it intended for the district court to engage in a resentencing of Pearson on remand. However, we "must not read the mandate in a vacuum, but must consider the full opinion of the appellate court and the circumstances the opinion embraces." *City of Okoboji*, 744 N.W.2d at 332. "The rationale of the appellate court opinion must be examined to uncover the intent of the appellate court." *Id.*

Even though the district court in this case was not provided with any evidence to support a finding that Pearson had violated Iowa Code section 709.4(2)(*b*), it entered judgment and sentence on this section. The appellate court determined this was a mistake of law in the judgment, not a mere clerical error. *Pearson*, 2013 WL 5291941, at *1. The appellate court noted that in *Garrett* "the proper remedy was to vacate the sentence on criminal trespass and remand to allow the district court to amend the verdict form to reflect the jury's actual intent and to enter a new sentence on the amended verdict." *Id.* at *2.

Although the appellate court directed the district court to vacate Pearson's sentence, it did not specifically direct the district court to engage in a resentencing procedure. Rather, it directed the court to *amend* its error in judgment.[3] The appellate court found that while the district court made a mistake in judgment because it erroneously entered judgment on a Code section to which the defendant had not pled guilty and for which there was no evidence, the main issue before the district court had been whether the sentences should be served consecutively or concurrently. *Id.* It further found there was "nothing in the record to suggest that the court believed Pearson had a younger victim." *Id.* Thus, the appellate court acknowledged that the original sentence, though based upon a mistake in law in the judgment, was not based upon a mistake in the district court's understanding of the actual factual basis for the plea. *Id.* Under these circumstances, we do not believe the appellate court, regardless of any reliance upon *Garrett*, could have intended the State, upon remand, to have another bite at the apple to

---

[3]Black's Law Dictionary defines "amend" to mean "[t]o correct or make usu[ally] small changes to (something written or spoken); to rectify or make right." *Amend,* Black's Law Dictionary (10th ed. 2014).

argue for a harsher sentence than the one originally imposed. Conversely, the appellate court could not have intended Pearson to have a new opportunity to seek a lighter sentence when resentencing was never requested on appeal.

Additionally, we think *Garrett* can be distinguished from the facts of this case. In *Garrett*, the court's judgment and sentence was for a wholly different crime than the crime for which the jury found him guilty. *Garrett*, 516 N.W.2d at 894. Unlike in this case, the fact finder in *Garrett* made findings as to an uncharged crime. *Id.* The finding of guilt that entitled the court to impose sentence was faulty. *See id.* It makes sense that we required the district court to "resentence Garrett on the amended criminal trespass verdict." *Id.* at 896. Criminal trespass was a crime for which Garrett had never been sentenced. Here, however, the court sentenced Pearson for the correct crime but under the wrong Code section. There was no error in the entry of guilt. Therefore, there was no need to resentence Pearson once the judgment was amended.

**B. Sentence.** We find that the district court exceeded its mandate in resentencing the defendant anew, and we vacate the resulting sentence. Therefore, we need not consider whether the district court unjustly provided the defendant with a harsher sentence than he had before the district court committed error in the original sentencing order.

**C. Outcome.** This case presents the choice of two outcomes. One is for Pearson to continue to serve out the sentence of incarceration he received in 2012. The other is for Pearson to now serve a new sentence of incarceration twice as long as his original sentence. It all comes about because Pearson exercised his right to appeal from his sentence to correct an inadvertent, nonsubstantive mistake in the entry of judgment and sentence that he was not responsible for creating. It would be wrong

for the process of criminal justice to do anything more than correct its own mistake and allow Pearson to serve out the original sentence imposed.

In the end, it is important that we apply our own rules of error preservation and judicial interpretation in a way that does not obscure the goal of justice in each case. What is painfully obvious in this case is that the mistake that occurred at the original sentencing hearing was inconsequential to the sentence imposed. As a result, there was absolutely no reason for any court to order resentencing as a means to fix the mistake. Nor was there any reason for the mistake to consume the time and expense of two appeals and now the further review of this court. Nor was the mistake one that should further require the time and expense of postconviction relief proceedings.

**IV. Conclusion.**

For the reasons stated above, we vacate the decision of the court of appeals and the judgment and sentence of the district court and remand the case to the district court to amend the original judgment and sentence to reflect the correct Code section without a resentencing of the defendant.

**DECISION OF COURT OF APPEALS AND JUDGMENT AND SENTENCE OF DISTRICT COURT VACATED; CASE REMANDED WITH DIRECTIONS.**

All justices concur except Mansfield and Zager, JJ., who dissent.

**MANSFIELD, Justice (dissenting).**

I respectfully dissent. In my view, the district court correctly followed the court of appeals' mandate from the prior appeal. In any event, Pearson waived any objection to resentencing by voluntarily participating in the resentencing proceeding and seeking to benefit from it.

The defendant in this case, Joshua Pearson, repeatedly coerced a fifteen-year-old girl who was less than half his age into having sex with him. Pursuant to a plea agreement, Pearson pled guilty to two counts of third-degree sexual abuse. There was no agreement on sentence. Pearson argued for a suspended sentence and probation. The State asked for consecutive sentences. The district court sentenced Pearson to prison but made the two sentences concurrent. Yet at the conclusion of the hearing, the court observed, "I will say it's a very difficult question as to whether these should be consecutive or should be concurrent."

The June 8, 2012 judgment and sentencing order contained an error. It cited Iowa Code section 709.4(2)(*b*) rather than section 709.4(2)(*c*)(4) as the provision under which Pearson had been convicted. This error may have occurred because at the outset of the sentencing hearing, the county attorney cited to section 709.4(2)(*b*) rather than section 709.4(2)(*c*)(4). This was the only reference to a code section at the sentencing hearing. However, the trial information had cited to the correct code provision.

Pearson appealed. Meanwhile, he submitted two motions for reconsideration of his sentence accompanied by personal letters. The letters pointed out the incorrect code citation but also asked for probation. Thus, his September 20 letter said, "I am filing a motion to

reconsider my sentence of two concurrent ten year sentences to probation time instead." His January 22, 2013 letter again noted the incorrect code provision while setting forth "reasons that I am arguing for probation." Both motions were denied by the original sentencing judge.

When the case reached the court of appeals, the parties agreed the mistake in the judgment and sentencing order necessitated a remand. The State, however, argued that because the error was merely clerical, it was necessary only to remand for a nunc pro tunc order correcting the statutory citation. Pearson argued the case should be remanded for a correction of a mistake of law in the judgment. Neither side specifically asked for the existing judgment and sentence to be vacated.

In a September 18, 2013 decision, the court of appeals found nunc pro tunc relief was unavailable because the oral pronouncement of sentence had also contained a reference to the wrong code section. Therefore, it "*vacate[d]* the judgment and sentence on Iowa Code section 709.4(2)(*b*) and remand[ed] to the district court to allow the district court to *amend* the judgment." *State v. Pearson*, No. 13–1311, 2013 WL 5291941, at *3 (Iowa Ct. App. Sept. 18, 2013) (emphasis added).

After procedendo issued, the State moved in the district court for a hearing "for the Court to amend its ruling." The State did not ask for resentencing. However, the district court issued an order on November 1 setting a date for a new sentencing hearing.

On November 22, the resentencing hearing took place. A different judge presided from the one who had conducted the previous sentencing. At the very beginning of the hearing, the judge explained that she interpreted the court of appeals decision as requiring resentencing. No one objected. The parties then proceeded with a resentencing.

The State was asked for its position on sentence. Once again, the State recommended consecutive sentences. Among other things, the State directed the court's attention to the self-serving January 22 letter sent by the defendant to the court seven months *after* the original sentencing hearing. This letter, in the State's view, demonstrated "that the time that he spent in prison hasn't reached the goals of sentencing rehabilitation."[4]

The court then turned to defense counsel and asked for his recommendation regarding sentencing. As before, defense counsel argued for a suspended sentence and offered into evidence a letter from a potential employer indicating that Pearson had a job available upon release.[5]

Lastly, the court gave Pearson the opportunity to address the court. During this colloquy, the court asked Pearson why he had never apologized to the victim or her family. Pearson responded that he was "not questioning" the court's statement that he had never apologized. However, he said, "I do feel remorse for her and them."

At the conclusion of the hearing, the court pronounced judgment and sentence. It made clear that Pearson was being found guilty under Iowa Code section 709.4(2)(*c*)(4). It stated that it was not going to grant probation and would run the sentences *consecutively*. The court gave

---

[4]For example, in the letter, Pearson complained that the girl's mother rather than the girl herself had submitted a victim impact statement:

> [The mother] stated that her daughter wanted nothing to do with these proceedings, yet said she would speak on [the daughter's] behalf. I am confused at how someone can speak for another person when said person does not wish to speak in the first place.

[5]Pearson later acknowledged that because he is serving time concurrently for third-degree sexual abuse perpetrated on the same victim in two other counties, he would have to resolve those matters before he could be released.

separate reasons for not suspending sentence and for ordering consecutive sentences. Its explanation for consecutive sentences centered on the defendant's "absence of remorse."

Pearson appealed again, this time arguing that the district court had not followed the court of appeals' mandate. We transferred the case to the court of appeals.

In a March 11, 2015 opinion, the court found that the district court had not exceeded the scope of its mandate by conducting a resentencing. It noted the prior appellate decision had done two things: (1) it had vacated Pearson's judgment and sentence, and (2) it had remanded to allow the district court to amend the judgment.

In the court of appeals' view, a resentencing was authorized, if not required, under its previous 2013 decision. The court noted that the 2013 decision had specifically discussed and relied on *State v. Garrett*, 516 N.W.2d 892 (Iowa 1994), as its model for what should happen. In *Garrett*, as here, there had been a "clerical error"—although in the verdict form rather than the judgment form. *Id.* at 896. Our court in *Garrett* vacated the existing sentence, remanded for the verdict form to be amended, *and* ordered the district court to "resentence [the defendant] on the amended . . . verdict." *Id.*

The court now overturns the court of appeals' second decision. In doing so, my colleagues commit two errors. First, they conclude that the court of appeals misread the mandate of its own prior decision. I disagree with my colleagues. The original court of appeals decision vacated the judgment and sentence below and cited *Garrett* for what it was doing, specifically noting that *Garrett* had directed the district court to "enter a new sentence." *Pearson*, 2013 WL 5291941, at *2–3.

According to Webster's Dictionary, "vacate" means to "make void," to "annul." *See Vacate*, Webster's Third New International Dictionary (unabr. ed. 2002). Black's Law Dictionary defines the term as meaning "[t]o nullify or cancel; make void; invalidate." *Vacate*, Black's Law Dictionary (10th ed. 2014). Once the court of appeals vacated the judgment and sentence, there was no longer a legal or valid sentence. The district court had no alternative but to resentence Pearson. This is exactly what the district court did through a formal resentencing proceeding. As in any resentencing, the district court had to exercise its discretion based upon the current information that was available to it. That is what the district court did here and what the court of appeals confirmed to be appropriate in its second decision.

In today's opinion, the court distinguishes *Garrett.* It notes that in *Garrett* the original inadvertent error was in the verdict form rather than, as here, in the judgment. This may be a relevant distinction, but nobody sought rehearing or further review of the prior court of appeals decision. Hence, it is the law of this case. Whether the initial court of appeals decision correctly or incorrectly applied *Garrett* is really not at issue now.

My colleagues also say that the prior court of appeals decision did not "intend[] the State, upon remand, to have another bite at the apple to argue for a harsher sentence." But of course, a resentencing gives *both sides* another bite at the apple—as this case illustrates. The defendant can argue for a more lenient sentence, the State for a stricter one. Just last year, we emphasized that appellate courts have discretion to order a resentencing on all counts even when the improper sentence was only on one count and was severable from the sentence on the remaining counts. *See State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). If anything, it appears that in a doubtful case, resentencing is the safest option.

This leads to my colleagues' second error. A fair reading of the record reveals that Pearson did not object to the resentencing below. In fact, he was a willing participant. Through his counsel, he sought a lesser sentence than the original sentence; meanwhile, the State sought one that was more severe.

Three weeks before the November 22 hearing, an order had been served on both defense counsel and the defendant setting this hearing for "sentencing." At the opening of the hearing, the court announced several times that it was going to be conducting a new sentencing. Defense counsel came prepared for a new sentencing and prepared to argue for probation with a letter from a potential employer. The defendant, in other words, plainly sought to take advantage of the opportunity provided by a resentencing.

The court concedes that by this course of conduct the defendant would normally waive any objection to resentencing, but it declines to apply this waiver rule because of the "unique facts" of this case.

The unique fact detected by the court is that the defendant *personally* objected to resentencing during his colloquy with the district court even though his counsel went along with resentencing. Respectfully, I believe the court is misreading the hearing record. Notably, until this court's opinion today, no one had suggested that the defendant personally objected to resentencing. His appellate counsel makes no such claim despite being new to the case and unencumbered by any position taken by prior counsel at resentencing.

In discerning the existence of an objection no one claims was actually made, the majority has taken out of context a few sentences from the defendant's colloquy with the district court. In context, Pearson was backpedaling after having been criticized by the State for a lack of

remorse. Thus, he told the district court that he had not asked for a resentencing on appeal. Instead, he maintained, "I asked for the correct code to be applied in my appeal." However, he acknowledged the court of appeals did something different than he had requested:

> It's my belief that Judge Sackett, after reading the—going through my case had determined that an error in judgment, not a clerical error, was made by either the district attorney's office or the Court initially.

These statements indicate to me that Pearson had been briefed by his counsel ahead of the November 22 hearing and understood that even though his initial request had been for nunc pro tunc relief based on a clerical error, the court of appeals concluded a more significant error had occurred, opening the door for a resentencing. Pearson was not stating an objection to resentencing, he was giving an accurate description of the course of his appeal. And Pearson sought, albeit unsuccessfully, to benefit from the situation.

As we said recently,

> [I]t is fundamentally unfair to fault the trial court for failing to rule correctly on an issue it was never given the opportunity to consider. Furthermore, it is unfair to allow a party to choose to remain silent in the trial court in the face of error, taking a chance on a favorable outcome, and subsequently assert error on appeal if the outcome in the trial court is unfavorable.

*State v. Ambrose*, 861 N.W.2d 550, 555 (Iowa 2015) (alternation in original) (quoting *State v. Pickett*, 671 N.W.2d 866, 869 (Iowa 2003)).

But what if I'm wrong? What if Pearson was misinformed or ill-served by his resentencing counsel? Then Pearson can file an application for postconviction relief alleging he received ineffective assistance at the November 22 hearing. That is what PCR proceedings are for, so a record can be developed on what the defendant understood

and why defense counsel did what he did. In short, even if I agreed with the majority that the court of appeals misread the mandate of its own prior decision, I would find that Pearson waived objection to a resentencing and that any challenge to the resentencing must be developed in a PCR application.

The court also indicates that Pearson may have asserted a vindictiveness claim, but I do not see such a claim being raised in the briefs. Regardless, I see no basis for concluding that the district judge acted vindictively in resentencing Pearson.

I acknowledge the unfairness recognized by the majority when a defendant receives a more severe sentence after appealing a technical error that was not his fault. In my view, this unfairness is tempered by the defendant's willing participation in and attempt to benefit from resentencing, the potential availability of PCR relief, and some of the aggravating facts of this case as recognized by both sentencing judges.

For the foregoing reasons, I would affirm the district court and the court of appeals.

Zager, J., joins this dissent.